# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON THOMAS, | Case No. EDCV 12-1207-JSL (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On July 10, 2012, Brandon Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Northern District of California. On July 17, 2012, the case was transferred, and the Complaint was filed in this Court on August 3, 2012.

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following in the Complaint:

Plaintiff is a prisoner who, at all relevant times, was incarcerated at the California Rehabilitation Center in Norco, California ("CRC Norco").

In February 2011, prior to his incarceration, Plaintiff was shot in the foot. Upon his arrival at CRC Norco on October 27, 2011, medical staff was made aware of the injury. Plaintiff was given a lower bunk and soft shoe chrono. (Complaint at 1.)

On April 21, 2012, Plaintiff walked from CRC Facility 1 to Facility 3, a distance of approximately one half mile. He wore the approved soft shoes and carried his soft shoe chrono. However, upon Plaintiff's arrival at Facility 3, Officer A. Kefalinos told Plaintiff he must return to Facility 1 and change his shoes. Plaintiff attempted to show Kefalinos the soft shoe chrono, but he refused to look at it and required Plaintiff to return to Facility 1 or he would not be allowed to have his visit. (Complaint at 1-2.)

As a result of Kefalinos's wrongful actions, Plaintiff was forced to walk an extra mile in order to have his visit. Plaintiff's foot was bleeding as a result of the extra walking. (Complaint at 2.)

On April 27, 2012, Plaintiff filed an inmate grievance. On May 14, 2012, Plaintiff was interviewed by Lieutenant M. Alexi concerning the grievance. Alexi stated that Kefalinos was in the wrong and that Alexi would investigate further. (Id.)

On June 13, 2012, Plaintiff received a response to his grievance, which reflected a determination that there was no violation of CDCR policy and no further action would be taken. (Id.)

Plaintiff names as Defendants: Cynthia Tompkins, Warden; J. Poffele, CCII-Appeals Coordinator; Captain R. Bandholtz; Lt. M. Alexi; Officer A. Kefalinos; the California Department of Corrections and Rehabilitation ("CDCR"); all CDCR-CRC staff; and the State of California. (Complaint at 3.)

Plaintiff seeks: a formal letter of apology from each Defendant; termination of employment for each Defendant; release from CDCR obligations; $2.5 million in actual damages; and $25 million in punitive damages. (Complaint at 4.)

**DISCUSSION**

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Has Failed to State a Claim Against the State of California, CDCR, or the Individual Defendants in Their Official Capacities**

Plaintiff names the CDCR, the State of California, and numerous individual CDCR employees as defendants. He does not specify whether he is suing the individual defendants in their official capacities.

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159. Thus, to the extent that Plaintiff is suing the individual defendants in their official capacities, such a suit is against the entity of which each defendant is an agent.

Plaintiff cannot state a claim for damages or retrospective injunctive relief against the State of California, CDCR, or the individual defendants in their official capacities. The CDCR is an agency of the State of California. States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989). A suit against a state official in his or her official capacity is a suit against the official's office, and

as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988). Moreover, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Plaintiff does not seek prospective injunctive relief, only retrospective relief and money damages. Accordingly, Plaintiff has failed to state a cognizable claim against the State of California, CDCR, or the individual defendants in their official capacities.

## II. Plaintiff Must Allege His Claims With Sufficient Specificity

Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them. It states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1  Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). "Each averment of a
3  pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).
4        Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff
5  nonetheless must allege a minimum factual and legal basis for each claim that is sufficient
6  to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which
7  they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).
8  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a
9  complaint that applies even if the claims in a complaint are not found to be wholly without
10 merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North
11 Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).
12       Here, the Complaint does not contain a short and plain statement of Plaintiff's claims
13 sufficient to provide each defendant with notice of their allegedly wrongful acts. See, e.g.,
14 Brazil, 66 F.3d at 199. Plaintiff has not clearly identified the particular affirmative acts or
15 omissions perpetrated by *each individual defendant* that caused the deprivation of
16 constitutional rights of which Plaintiff complains. For example, Plaintiff alleges no facts
17 demonstrating wrongful acts or omissions by Tompkins, Poffele, or Bandholtz. Plaintiff's
18 allegations are vague, conclusory, and lack sufficient particularity to put each individual on
19 notice of the claims against him.
20       Plaintiff must allege how each individual defendant personally participated in the
21 deprivation of constitutional rights. To state a claim against a particular defendant for
22 violation of his civil rights, Plaintiff must allege facts demonstrating that each defendant,
23 acting under color of state law, deprived Plaintiff of a right guaranteed under the Constitution
24 or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a
25 constitutional right, within the meaning of section 1983, if he does an affirmative act,
26 participates in another's affirmative acts, or omits to perform an act which he is legally
27 required to do that causes the deprivation of which [the plaintiff complains].'" Leer v.
28

1 Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743
2 (9th Cir. 1978)).

### III. Legal Standards for Deliberate Indifference Claim

Although it is not entirely clear, it appears that Plaintiff is attempting to plead a claim for deliberate indifference to serious medical needs, in violation of the Eighth Amendment. To the extent that Plaintiff seeks to allege any other constitutional claim, it is unintelligible.

A government actor is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). Deliberate indifference may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to violate the Eighth Amendment. See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

If Plaintiff chooses to file an amended complaint, he must allege additional facts to support his claim that demonstrate deliberate indifference.

* * * * * * * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document; and (5) **be signed and dated by Plaintiff**. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

DATED: September 28, 2012            /s/ John E. McDermott
                                     JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE

8