# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRANDON THOMAS, | ) | Case No. EDCV 12-1207-JSL (JEM) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING FIRST AMENDED |
| | ) | COMPLAINT WITH LEAVE TO AMEND |
| OFFICER A. KEFALINOS, | ) | |
| Defendant. | ) | |

On July 10, 2012, Brandon Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Northern District of California.  On July 17, 2012, the case was transferred, and the Complaint was filed in this Court on August 3, 2012.

On September 28, 2012, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend.  On October 29, 2012, Plaintiff filed a First Amended Complaint ("FAC").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.   A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a <u>pro se</u> civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a <u>pro se</u> civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  <u>Id.</u>  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  <u>Id.</u> at 623; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following in the FAC:

Plaintiff is a prisoner who, at all relevant times, was incarcerated at the California Rehabilitation Center in Norco, California ("CRC Norco").

On or about April 21, 2012, Plaintiff had a soft shoe medical chrono to accommodate an injured foot.  On that day, Plaintiff gave Officer Kefalinos a copy of the soft shoe chrono, but Kefalinos disregarded it and forced Plaintiff to walk an extra mile in his hard state-issued boots.  This caused Plaintiff's wounded foot to bleed heavily, was extremely painful, and resulted in additional medical complications.  Plaintiff states that Kefalinos violated Plaintiff's civil rights by knowing of and disregarding an excessive risk to Plaintiff's serious medical needs.  (FAC at 5.)

Plaintiff seeks actual and punitive damages.  (FAC at 6.)

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.      Plaintiff Has Failed to State a Claim Against Kefalinos In His Official Capacity**

Plaintiff names Kefalinos in his official capacity as the sole defendant.  Kefalinos is an officer of the California Department of Corrections and Rehabilitation ("CDCR").  (FAC at 1, 3.)

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.  Thus, the real party in interest in this case is the CDCR.

Plaintiff cannot state a claim for damages or retrospective injunctive relief against Kefalinos in his official capacity.  The CDCR is an agency of the State of California.  States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989).  A suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does

1    not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los

2    Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988).  Moreover, Congress has not abrogated

3    State sovereign immunity against suits under 42 U.S.C. § 1983.

4         Accordingly, Plaintiff has failed to state a cognizable claim against Kefalinos in his

5    official capacity.

6                                          * * * * * * * * *

7         For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

8         If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended

9    Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

10   discussed above.

11        Plaintiff must name separately each individual defendant against whom he brings his

12   claims, identify clearly the factual basis for each of his claims, and articulate the connection

13   between each named defendant and each claim.  **Plaintiff should not name any CDCR**

14   **officer as a defendant in his official capacity on any claim for money damages.**

15   **Rather, such a defendant should be sued in his individual capacity only.**

16        Plaintiff also should continue to comply with the directives set forth in the Court's prior

17   Memorandum and Order Dismissing Complaint With Leave to Amend.

18        If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the

19   docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be

20   filled out exactly in accordance with the directions on the form; and (4) be signed and dated

21   by Plaintiff.  In addition, any Second Amended Complaint **must be complete in and of**

22   **itself without reference to the previous Complaint or any other pleading, attachment**

23   **or document**.  That means Plaintiff should include all of the relevant facts and documents

24   in his Second Amended Complaint.

25        The Clerk is directed to provide Plaintiff with a blank Central District of California civil

26   rights complaint form, which Plaintiff must fill out completely and resubmit.

27

28

1    **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**

2    **the deadline set herein, the Court will recommend that this action be dismissed on**

3    **the grounds set forth above for failure to prosecute and for failure to comply with a**

4    **Court order.**

5

6    DATED: <u>November 29, 2012</u>                    <u>        /s/ John E. McDermott        </u>

7                                                          JOHN E. MCDERMOTT
                                                          UNITED STATES MAGISTRATE JUDGE